GRAYSTONE BALLROOM, INC., *v.* BAGGOTT.

1. UNEMPLOYMENT COMPENSATION—STATUTES—COMMON LAW.

Determination under the unemployment compensation act as to whether relation of employer and employee or that of independent contractor exists, is made under test supplied by the act rather than by common-law principles or rules of union of which employee was a member (Act No. 1, §§ 40, 42, subd. [6], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937).

2. SAME—INDEPENDENT CONTRACTOR—CONTROL—USUAL COURSE OF BUSINESS—PLACE OF BUSINESS—INDEPENDENT OCCUPATION.

To be an independent contractor under the unemployment compensation act the person's services must be free from control or direction in the performance of the services both under the contract of service and in fact, the service must be either outside the usual course of the business for which performed or performed outside of the place of business and the individual be customarily engaged in an independently established trade, occupation, profession or business (Act No. 1, § 42, subd. [6], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937).

3. SAME—FINDING OF APPEAL BOARD—EVIDENCE—CONTROL OF CONTRACTOR FOR ORCHESTRA.

Finding of appeal board of unemployment compensation commission that as a matter of fact the "contractor" for services of himself and some 10 other musicians as an orchestra to play in plaintiff's ballroom was not free from control and direction by plaintiff *held*, sustained by evidence, hence was not subject to reversal by circuit court on certiorari (Act No. 1, §§ 38, 42, subd. [6], par. [a], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937).

4. SAME—FINDINGS OF APPEAL BOARD—EVIDENCE—USUAL COURSE OF BUSINESS—PLACE OF PERFORMANCE OF SERVICE.

Finding of appeal board of unemployment compensation commission that the service rendered by contractor and orchestra

he organized to play in plaintiff's ballroom was not outside the usual course of the business for which such service was performed nor that it was performed outside of plaintiff's place of business *held*, supported by evidence (Act No. 1, § 42, subd. [6], par. [b], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937).

5. Same—Finding of Appeal Board—Evidence—Control of Orchestra.

Where it appears that plaintiff, a ballroom owner, hired orchestra directors from time to time, required that one of its members be fired, requested that another not be featured, that a singer be featured, and that certain types of music be played, fixed time and length of intermissions, imposed house rules on orchestra members, supplied part of the equipment and took a blanket music license covering rights on selections played and each member was paid the union scale, although the entire amount was paid to one of them as contractor, it exercised such control over the so-called contractor and each other member of the orchestra as to be the employer thereof under the unemployment compensation act in 1938 and 1939, hence finding of appeal board that service was not outside the usual course of owner's business nor performed outside of its place of business was in accord with the evidence (Act No. 1, §§ 40, 42, subd. [6], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937).

6. Same—Contributions—Master and Servant—Costs.

No costs are awarded on appeal in proceeding to determine whether plaintiff was liable for contributions under the unemployment compensation act and whether or not individual defendant was an employee of plaintiff (Act No. 1, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937).

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 15, 1947. (Docket No. 3, Calendar No. 43,207.) Decided October 13, 1947.

Certiorari by Graystone Ballroom, Inc., a Michigan corporation, against John Baggott and Michigan Unemployment Compensation Commission to review determination that defendant Baggott was employee of plaintiff. Determination affirmed. Plaintiff appeals. Affirmed.

*David I. Hubar* (*Milton M. Maddin,* of counsel), for plaintiff.

*W. Ralph Jewell,* for defendant Baggott.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Florence Clement Booth* and *Arthur W. Brown,* Assistants Attorney General, for defendant Michigan Unemployment Compensation Commission.

DETHMERS, J.   Defendant John Baggott was one of several musicians in an orchestra which played in plaintiff's ballroom from September, 1938, to May, 1939.   Later he became unemployed and filed a claim for unemployment compensation.   The Michigan unemployment compensation commission referee held that he had been in plaintiff's employment, was entitled to compensation and that plaintiff was liable for tax contributions on wages paid him under the provisions of the Michigan unemployment compensation act in effect during the above mentioned period (Act No. 1, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937 [Comp. Laws Supp. 1937, § 8485–41 *et seq.*, Stat. Ann. 1938 Cum. Supp. § 17.501, *et seq.*]).   Plaintiff appealed to the appeal board of the unemployment compensation commission, which affirmed the referee's holding. The Wayne circuit court reviewed the record under the statutory writ of certiorari in accordance with section 38 of the act and entered judgment affirming the decision of the appeal board.   Plaintiff has taken a general appeal from the decision of the circuit court.

The question presented is whether defendant, John Baggott, while playing as a member of the orchestra in plaintiff's ballroom was in plaintiff's employ.

In 1938 one Walter Shuster, a musician, suggested to plaintiff an idea for a special type of orchestra and plaintiff, in turn, suggested that he organize such an orchestra to play in plaintiff's ballroom. Shuster got together 10 other musicians, including defendant Baggott, organized an orchestra, rehearsed and developed it to play in accord with his ideas. On September 23, 1938, he and plaintiff entered into a written contract, by the terms of which Shuster agreed to furnish 11 musicians, as their agent, to plaintiff for a lump sum of $488.75 per week for a period of eight weeks, subject to cancellation on two weeks' notice. The contract provided that the musicians were to be members of the American Federation of Musicians and that the rules of that union were made a part of the contract. Those rules designate one in the position of Shuster as the "contractor" and permit members of the union to accept employment only from such contractor and never from one in the position of plaintiff. The rules also provide that such "contractor" shall be liable to the members of the orchestra for payment of their wages. Under this contract Shuster and the other 10 members of the orchestra, including defendant Baggott, provided dance music in plaintiff's ballroom.

It is plaintiff's contention that Shuster was an independent contractor and that the other members of the orchestra were his employees and not the employees of plaintiff. Defendants contend that Shuster and all the members of the orchestra were employees of plaintiff within the meaning of the unemployment compensation act.

Plaintiff urges the common-law principles determinative of the distinction between an employee and an independent contractor as controlling here, quoting from 14 R. C. L. p. 67, the following:

"An independent contractor is one who exercises independent employment contracts doing a piece of work according to his own method and without being subject to the control of his employer except as to the results of his work."

In support of its contention that Shuster was an independent contractor, plaintiff points to the fact that the union rules incorporated into the contract refer to one in Shuster's position as a "contractor" and make him liable to the musicians for their wages, which he, in fact, did pay to them; and plaintiff stresses evidence supporting its claim that Shuster hired and fired members of the orchestra without plaintiff's let or hindrance, that he controlled instrumentation, style of playing and type of music played, that the orchestra was contracted for as a unit and furnished its own music and instruments, et cetera. Plaintiff contends that it exercised none of the control over the orchestra members which characterizes the master and servant relationship. The defendants, in turn, point to evidence supporting their contention that plaintiff did exercise control over members of the orchestra such as hiring directors from time to time to direct the orchestra, requiring Shuster to fire one member of the orchestra, thereby reducing its number from 11 to 10, insisting that one of the musicians should not be featured, requesting the orchestra to play certain types of music, fixing the time and length of intermissions, imposing house rules on orchestra members, featuring a singer with the orchestra, supplying part of the equipment such as chairs and music racks and taking a blanket music license covering rights on music selections played by the orchestra. Defendants also contend that the lump sum paid weekly by plaintiff to Shuster represented the total of union scale for all the members of the

orchestra and that said total sum was reduced by the amount of union scale for one man when plaintiff required Shuster to discharge one of the members of the orchestra, and that Shuster divided the money received by him from plaintiff among the members of the orchestra according to union scale for each, leaving for himself only the amount prescribed for him as musician and "contractor" by union scale. In these respects defendants contend, correctly we think, that this case is distinguishable on the facts from the case of *Palmer* v. *Unemployment Compensation Commission,* 310 Mich. 702 (158 A. L. R. 909), in which we held that the management of the ballroom did not exercise such control as to give rise to the employer and employee relationship.

At this point we direct attention to the language of Mr. Justice NORTH, speaking for the Court, in *O'Brian* v. *Michigan Unemployment Compensation Commission,* 309 Mich. 18, as follows:

"Decision must be made in the light of the Michigan unemployment compensation act, which furnishes its own test, rather than by common-law principles which normally determine the distinction between an employee and an independent contractor. *Acme Messenger Service Co.* v. *Unemployment Compensation Commission,* 306 Mich. 704. As to what constitutes 'employment' within the act the following provisions control:

" '(1) Subject to the other provisions of this section "employment" means service, including service in interstate commerce, performed for remuneration or under any contract of hire, written or oral, express or implied. * * *

" '(6) Services performed by an individual for remuneration shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the commission that:

" '(a)   Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

" '(b)   Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

" '(c)   Such individual is customarily engaged in an independently established trade, occupation, profession or business.'   *   *   *

"In a former case we have held that paragraphs (a), (b), (c), above quoted, which limit the preceding words of subdivision 6 of section 42, are to be construed conjunctively. *Acme Messenger Service Co.* v. *Unemployment Compensation Commission, supra,* 710.   We have also held that the unemployment compensation act should be liberally construed in accomplishing its purpose. *Godsol* v. *Unemployment Compensation Commission,* 302 Mich. 652 (142 A. L. R. 910)."

Our concern here is, therefore, not with the applicable common-law principles nor merely with the terms of the contract or the rules of the union, but rather with the tests laid down by the statute in effect during the periods involved in this case and in the *O'Brian* and the *Acme Messenger Service Company Cases.*

First to be considered is the status of Walter Shuster.   Was he an independent contractor or plaintiff's employee?   The above noted contentions of parties as to the control, if any, exercised by plaintiff over Shuster and other members of the orchestra are significant to the extent that they are material to a consideration of the test established by section 42, subdivision 6(a) of the act as to

whether Shuster was free from control or direction over the performance of services for plaintiff. The appeal board found, as a matter of fact, that Shuster was not free from such control or direction by plaintiff. Section 38 of the act provides that on appeal by certiorari the circuit court shall reverse the decision of the appeal board upon a question of fact only if it finds such decision to be against the great weight of the evidence. The finding of the appeal board in this respect is amply supported by competent evidence and under said section 38 was properly affirmed by the circuit court. The circuit court also affirmed the finding of the appeal board that plaintiff did not meet the test of subdivision 6(b) in that the service rendered by Shuster and the orchestra was not outside the usual course of the business for which such service was performed, nor was it performed outside of the plaintiff's place of business. This finding is equally in accord with the evidence. Plaintiff operated a public ballroom for the entertainment of the public at which the public paid for the privilege of dancing to music furnished by plaintiff. All that plaintiff had to sell in that connection was floor space on which to dance and music with which to dance. The music was an integral part of the plaintiff's business of conducting public dances. The services of Shuster and the orchestra were all performed for plaintiff inside plaintiff's place of business. Hence, plaintiff did not meet the test of subdivision 6(b).

We conclude, therefore, that under the definitions of the unemployment compensation act Walter Shuster was not an independent contractor, but an employee of plaintiff.

Section 40 of the act reads as follows:

"Each individual employed to perform or to assist in performing the work of any agent or em-

ployee of an employing unit shall be deemed to be employed by such employing unit for all the purposes of this act, whether such individual was hired or paid directly by such employing unit or by such agent or employee, providing the employing unit had actual or constructive knowledge of the work.''

From this it follows inescapably that defendant Baggott and the other members of the orchestra, hired and paid directly by Walter Shuster, an employee of plaintiff, were also employees of plaintiff which had actual knowledge of the work performed by them.

Our attention has been directed to the recent decision of the supreme court of the United States in the case of *Bartels* v. *Collector of Internal Revenue,* 332 U. S. 126 (67 Sup. Ct. 1547, 91 L. Ed. 1947), holding that, under the provisions of the Federal social security act, titles 8 and 9 (42 USCA, §§ 1001 *et seq.,* and 1101 *et seq.*) and I. R. C., chap. 9, subchap. A and C (26 USCA, §§ 1400, 1600) and the facts before the court in that case, the band leader rather than the ballroom operator was the employer of members of the band. While this decision is of interest inasmuch as Act No. 324, Pub. Acts 1939, effective as of June 22, 1939, and subsequent amendments to the Michigan unemployment compensation act exclude from its operation any service not included as employment under the above Federal act, nonetheless, as relates to the instant case, the *Bartels Case* is not in point because the three-fold test as to what constitutes employment contained in the Michigan act during the period here involved and until omitted therefrom by Act No. 246, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8485–82, Stat. Ann. 1946 Cum. Supp. § 17.545), is not to be found in the Federal act.

Judgment affirmed, without costs.

Carr, C. J., and Bushnell, Sharpe, Boyles, Reid, and North, JJ., concurred with Dethmers, J.  Butzel, J., concurred in the result.