PHILBRICK *v*. DUST.

1. MUNICIPAL CORPORATIONS—DETROIT CIVIL SERVICE COMMISSION
   —ORDINANCES—PUBLIC OFFICERS—DISCHARGE.
   Under the civil service ordinance of the city of Detroit
   providing that the civil service commission shall, on the
   request of a discharged employee made within ten days
   after his discharge, investigate the same and, if it finds
   that the order was made for political or other reasons
   than the good of the service, shall so report and the sub-
   ordinate shall be reinstated, no authority is conferred
   upon the commission to restore a city forester to his
   position because no reasons were assigned for his dis-
   charge by the commissioner of parks and boulevards who
   removed him without giving him a copy of the order
   and reasons therefor, pursuant to further requirements
   of the ordinance.

2. SAME—REMOVAL—MANDAMUS.
   While the discharged forester should have applied to the
   court rather than to the commission on the ground set
   up, the fact that he afterwards applied to the circuit court
   which considered and approved the order of the commis-
   sion, warrants this court in treating it as if relator had
   applied to the court in the first instance.

3. SAME—ORDINANCES—TIME OF TAKING EFFECT.
   Although the members of the civil service commission
   appointed under the ordinance did not qualify until a
   later date, the ordinance was in force on June 3d and
   protected the relator from summary discharge.

4. SAME.
   Relator being entitled to receive notice of the reasons at
   the time of his discharge, and not having received them
   until two weeks later, the court properly ordered his
   reinstatement in mandamus proceedings.

Certiorari to Wayne; Hally, J. Submitted January
13, 1914. (Calendar No. 25,896.) Decided March 26,
1914.

Mandamus by Edwin D. Philbrick against William T. Dust, commissioner of parks and boulevards of the city of Detroit, to compel respondent to reinstate the relator as city forester. An order granting the writ is reviewed by respondent on certiorari. Affirmed.

*Allan H. Frazer*, for appellant.

*Guy A. Miller*, for appellee.

BIRD, J. The relator, who had been for upwards of a year the city forester of the city of Detroit, was removed from office on June 3, 1913, by his superior, the respondent. Within ten days after his removal the relator appealed to the civil service commission for reinstatement, claiming in his petition that no reasons were assigned by respondent for his removal, and charging that he was removed for political reasons and not for the good of the service. A hearing was later had before the commission, at which time respondent filed his reasons for removing relator, and the questions were fully considered by the commission. The hearing resulted in an order being made reinstating the relator, and it was rested on the failure of respondent to comply with the following provisions of the civil service ordinance, which provides that:

"In all cases of discharge, or reduction, or suspension for more than thirty days, the appointing officer shall furnish the subordinate discharged, reduced or suspended, and also the commission, with a copy of the order of removal, and his reasons for the same."

The respondent refused to comply with the order of the commission, and relator then made an application to the circuit court for a writ of mandamus to compel the enforcement of the order of the commission. After the matter was heard in that court, an order was made granting the writ. The respondent

then removed the proceedings to this court by writ of certiorari.

The first question raised by respondent is—

"That the civil service commission had no right, jurisdiction, or authority to order the reinstatement of relator for the reasons assigned in their opinion and order, and that consequently there was error in the ruling of the circuit court in holding that the commission had such right."

Section 12 of the civil service ordinance defines the jurisdiction of the commission in such cases as follows:

"The commission may, and upon the written request of said subordinate made within ten days, shall investigate, and if it shall find as the result of such investigation that the discharge, reduction or suspension to have been made for political or for other reasons than the good of the service, it shall so report to the appointing officer, and the party so discharged, reduced or suspended, shall thereupon be entitled to resume his position and to receive compensation for the time lost."

It is argued from this that while the commission is empowered by this section to reinstate an employee, who upon investigation is found to have been removed for "political or for other reasons than the good of the service," it has no power to reinstate a discharged employee because the reasons were not assigned for his discharge at the time of his discharge. We are of the opinion that this point is well taken. The civil service commission has only such powers as the ordinance confers upon it. The ordinance clearly defines what power it shall possess, and the power to reinstate for a failure to assign the reasons for removal at the time of removal is not among them.

Had the relator intended to rely for reinstatement upon the fact that no reasons were assigned for his removal, he should have applied to the court rather than to the commission. The order of the commission

was without force, and we should feel obliged to set it aside were it not for the fact that it was afterwards considered in the proper forum and approved. In view of this we will treat it as though the application had been made in the first instance to the court.

The point is made that the civil service ordinance was not in full force and effect on the date when relator was discharged, and therefore his removal was lawful. That the act went into effect on May 3, 1913, is not seriously controverted; but the fact most relied upon is that, while the commission was named by the mayor on June 3d, they did not qualify until several days later. In other words, that there was no commission in existence on the day the relator was discharged. The relator was protected by the provisions of the ordinance as soon as it took effect on May 3d, and, if he were discharged after that date, he was entitled under the ordinance to have the reasons therefor accompany his discharge. The fact that there was no tribunal yet in existence to which he could appeal from the decision of his superior did not withhold from him the protection of the ordinance, neither did it prevent the ordinance from taking effect.

A reading of section 12 of the ordinance leaves no doubt in our minds that it was intended that the discharged employee should be entitled to be informed at the time of the discharge of the reasons for his discharge. The record of this case shows that relator was not so informed for more than two weeks after his discharge.

We are therefore of the opinion that the order made by the circuit court was a proper one, and it will be affirmed. No costs will be allowed.

McAlvay, C. J., and Brooke, Kuhn, Stone, Ostrander, Moore, and Steere, JJ., concurred.