McCOMB *v.* CITY COUNCIL OF CITY OF LANSING.

1. COURTS—ONE-MAN GRAND JURY—JURISDICTION.

   Where one-man grand jury proceedings were instituted in certain county with probable cause to suspect that offense had been committed therein, fact that alleged crime was committed in another county does not vitiate said proceedings, which involve elective officer holding office in jurisdiction.

2. MUNICIPAL CORPORATIONS—PUBLIC OFFICERS—REMOVAL FROM OFFICE BY CITY COUNCIL.

   Even if there is no valid ordinance regulating procedure for removal from office of alderman charged with bribery, finding by circuit judge, as result of one-man grand jury investigation, that alderman was guilty of said offense, together with charter provision that council might remove elective officer after preferring charges and trying same, *held,* sufficient authorization for proper proceedings by council to remove said alderman.

3. SAME—PROCEEDINGS FOR REMOVAL OF ALDERMAN.

Alderman charged by city council with bribery should have been served with copy of charges in connection with proceedings by council for his removal from office.

4. SAME—FINDING OF GRAND JURY INSUFFICIENT TO WARRANT REMOVAL WITHOUT INTRODUCTION OF EVIDENCE.

While finding of circuit judge, sitting as one-man grand jury pursuant to 3 Comp. Laws 1929, § 17218, that alderman had accepted bribe, is sufficient as basis for institution of proceedings by council for his removal, it is insufficient to warrant his removal without introduction of evidence in substantiation of said charge and opportunity given him to make defense thereto.

Certiorari by William L. McComb against the City Council of the City of Lansing to review its proceedings removing him from the office of alderman. Submitted July 11, 1933. (Calendar No. 37,235.) Reversed, without prejudice October 2, 1933.

*John Wendell Bird,* for appellant.

*Richard Raudabaugh,* City Attorney, for appellee.

BUTZEL, J. Plaintiff, William L. McComb, seeks by certiorari to set aside the action of the common council of the city of Lansing in removing him from the office of alderman, to which he had been duly elected. As chairman of the garbage committee, McComb had considerable dealings with a corporation holding a contract with the city for the disposal of its garbage and refuse, and took an active part on behalf of the city in negotiations relative to the performance and attempted renewal of this same contract. This corporation operated the Portland Piggery, located in Ionia county, which is near Ingham county, in which Lansing is situated.

Large expenses and losses were incurred by the city during the life of the contract, and several gross irregularities were discovered. A committee of

investigation appointed by the council made written findings in which plaintiff was charged with accepting bribes in connection with the contract. The committee also filed a complaint in the Ingham county circuit court, and, on petition of the prosecuting attorney, the Hon. Charles B. Collingwood was appointed a "one-man" grand jury to investigate several phases of the Lansing city administration. An exhaustive investigation resulted in the conclusion that charges made against other branches of the city government were groundless. Plaintiff was declared guilty of accepting a bribe, however, and the judge ordered the prosecuting attorney to institute criminal proceedings, and the common council at the same time to take steps to remove plaintiff from the office of alderman.

The report of the judge's findings was duly filed and spread upon the minutes of the council and a date set for a special meeting to hear the charges against plaintiff. Plaintiff was present at the meetings and participated in them. The hearing was postponed on account of plaintiff's illness, but on the adjourned day plaintiff was part of a quorum in attendance. Notwithstanding the fact that no testimony was introduced, a motion to remove plaintiff prevailed without a dissenting vote. Plaintiff took no part in the vote, but his counsel filed a written protest against the entire proceedings, claiming that they were irregular and unwarranted by law, and complaining of the council's failure to serve plaintiff with a copy of the charges. An opportunity was tendered plaintiff to offer testimony in his own behalf, but he declined to do so, unless witnesses were first produced to support the charges and to offer themselves for cross-examination. Many claims of error are presented on appeal. Inasmuch as the

charges may be preferred anew, we shall discuss a number of the points raised.

The charges were preferred under 3 Comp. Laws 1929, §§ 17217, 17218. Section 17217, *supra,* directs an investigation by the circuit judge and requires the attendance of witnesses in certain cases after the filing of a complaint with the judge of a court of record, and a finding on his part of the existence of probable cause to suspect that a crime has been committed within his jurisdiction. Section 17218, *supra,* provides that, if the judge shall find from the evidence that there is probable cause to believe that a public officer, subject to removal by law, has been guilty of misfeasance or malfeasance of office, or of any other offense prescribed as ground for removal, the judge shall make a written finding, setting up the offense so found, and serve the finding upon the public body having jurisdiction under the law to conduct the removal proceedings against such officer. This finding, it is further provided, shall be a sufficient complaint as a basis for the removal of the officer, and the public body shall proceed in the method prescribed by law for a hearing and determination of such charges.

It is claimed that, inasmuch as it appears that the alleged crime was committed in the county of Ionia, in which the judge had no jurisdiction, his action was improper. Without determining where the alleged crime took place, we hold that the circuit court was possessed of jurisdiction in the instant case. The grand jury proceedings were instituted in good faith in Ingham county with probable cause to suspect that a bribery had occurred within the jurisdiction. The fact that it may have developed that the alleged crime was committed in another county does not vitiate the proceedings, which involve an elective officer holding a post in the jurisdiction.

Plaintiff further claims that there was no authority conferred, either by the charter or ordinances of the city, pursuant to which plaintiff might be removed. A city ordinance at one time provided for removal by the city council, after service of a copy of the charges on the accused party, a hearing, and a two-thirds vote of the council in favor of removal. The present city charter was adopted subsequent to the passage of this ordinance, and states (chap. 4, § 55):

"The city council may expel or remove from office any person elected to office by a concurring vote of three-fourths of all of the aldermen-elect: *Provided*, that in the case of the expulsion or the removal of persons elected to any office, provision shall be made by ordinance for preferring charges and trying the same, and no removal of an elective officer shall be made unless a charge in writing is preferred and ample opportunity given to make a defense thereto."

No new ordinance was adopted after the charter provision became effective. Even assuming that there was no valid ordinance regulating the procedure, the charter provision, together with 3 Comp. Laws 1929, § 17218, constituted sufficient authorization for the proceedings, provided that, in pursuance thereof, plaintiff was given a fair hearing following presentation of the charges. See *Hawkins* v. *Grand Rapids Common Council*, 192 Mich. 276 (Ann. Cas. 1917 E, 700). Plaintiff was present at several meetings at which plans for a formal hearing were discussed, and had ample time in which to prepare his defense. Although failure to serve him with a copy of the charges may not have acted to his disadvantage in this particular case, plaintiff should have been served with a copy of the charges.

We believe, however, that plaintiff was denied a fair hearing on another ground. The findings of a judge, sitting as a one-man grand jury, are sufficient as a basis for the institution of removal proceedings; they are insufficient to warrant a removal, however, unless evidence is introduced in substantiation of the charges. On certiorari, we may not inquire into the sufficiency of the evidence. In the instant case, however, no testimony whatsoever was introduced. A hearing before a grand jury usually is secret. The defendant need not be called and given an opportunity to defend himself, nor is he entitled to be confronted by the witnesses against him. The findings of the judge, if adverse to the party accused, are merely a conclusion that there is probable cause justifying the initiation of further action. 3 Comp. Laws 1929, § 17218, provides that the findings of the circuit judge "shall be a sufficient complaint as a basis for removal of said officer." It does not authorize such removal without a fair hearing.

We need not pass upon the question of whether the ordinance was repealed by the subsequent charter provision. The ordinance provided in some detail for a proper hearing of the charges, and some of its mandates have not been carried out. If, however, the claim is tenable that the ordinance was repealed by implication upon the adoption of the charter provision in addition to being served with a copy of the charges, plaintiff was entitled to a fair hearing. This he did not have. The action of the council in ousting plaintiff was illegal. He is entitled to reinstatement, but without prejudice to the council's right to remove plaintiff after a re-presentation of the charges and a fair hearing. As the question is a public one, no costs will be allowed.

McDonald, C. J., and Potter, Sharpe, North, Fead, and Wiest, JJ., concurred. Clark, J., took no part in this decision.