## JONES v. DOONAN.

1. Officers—Municipal Corporations—Policeman — Dismissal — Waiver of Trial.

Policeman may not be legally dismissed without formal written charges and trial, where city charter so provides, but an unreasonable delay in asserting claim to office results in abandonment of it and waiver of right to trial.

2. MUNICIPAL CORPORATIONS — OFFICERS — REINSTATEMENT — MAN-
DAMUS—LACHES.

>   Petition for mandamus to compel reinstatement as policeman and
>   payment of back salary, dismissed without prejudice but or-
>   dering city commission to prefer charges, is more favorable to
>   plaintiff than is his due, where he had declared his intention of
>   never appearing before commission and delayed nearly three
>   years in bringing judicial proceedings.

Appeal from Wayne; Black (Edward D.), J.,
presiding. Submitted December 12, 1933. (Cal-
endar No. 37,090.) Decided December 19, 1933. Re-
hearing denied January 30, 1934.

Mandamus by Hamilton Jones against Verlin
Doonan, member of Dearborn Commission of Safe-
ty, and others to compel reinstatement as policeman
and payment of back salary. Writ denied. Both
parties appeal. Affirmed.

*Walter S. Rae,* for plaintiff.

*James E. Greene (O. L. Smith,* of counsel), for
defendants.

FEAD, J. This is certiorari to review mandamus
proceedings. Both parties appeal but defendants
are content with the judgment of circuit court.

Plaintiff, a policeman of the city of Dearborn since
1925, was suspended by the chief of police on Au-
gust 26, 1929, because he had been arrested on a
charge of rape. The next day he was notified by a
police lieutenant that the commission of safety would
meet in the evening as a trial board, charges would
be preferred against plaintiff in relation to the rape
complaint and he would have an opportunity to de-
fend himself. Plaintiff stated he would not appear
before the trial board on that date and would never

appear before it. This being reported to the commission, it heard the woman and entered an order dismissing plaintiff from the service.

The city charter provides:

"No fire department officer or police officer shall be demoted or dismissed and no member of either force, except probationary members, shall be dismissed except upon formal complaint and after trial and conviction by the commission of safety sitting as a trial board."

No formal complaint was made. Plaintiff did nothing further until January 9, 1930, when he wrote the commission that the case against him had been dismissed and asked for reinstatement as a patrolman. In this letter, plaintiff made no claim of illegal discharge or right to the office. The commission took no action upon the request.

May 20, 1932, plaintiff's counsel notified the commission that he had been retained by plaintiff and that the latter claimed he had not had a trial as required by the charter and asked an opportunity to present plaintiff's case to the commission. The commission did nothing about it.

May 24th plaintiff presented petition for mandamus to compel defendants to reinstate him to active duty as a patrolman. After hearing, the court entered judgment on June 13th, dismissing the petition and order to show cause, the entry reciting:

"The corporation counsel of the city of Dearborn having consented to grant petitioner a hearing before the commission of safety of said city of Dearborn, and an opportunity to establish his right to reinstatement on the police force of said city."

October 4th the commission notified plaintiff that he and his witnesses would be heard October 14th, in accordance with the request of the court. Ad-

journment was had and the meeting occurred October 19th, with plaintiff and his counsel present. They refused to present any testimony, taking the position that it was incumbent on the commission to serve written charges on plaintiff. The city attorney construed the recital in the judgment as requiring plaintiff to proceed to show cause for reinstatement. Much conversation was had but no action taken.

October 25th, plaintiff filed the instant petition for writ of mandamus, praying reinstatement and back salary at $2,500 per year. In an affidavit, defendants set up the prior proceedings, claimed the former judgment was *res judicata,* and they had complied with it. January 6, 1933, judgment was entered denying the petition without prejudice but ordering the commission to prefer and serve charges on plaintiff in accordance with the charter.

Formal charges were served on plaintiff January 12th. The next day he filed this petition for certiorari, in which he forgot to mention the first mandamus proceedings and the service of charges upon him.

We need not determine whether plaintiff was an officer or employee. In either case, he could not be dismissed lawfully without formal written charges. *McComb* v. *City of Lansing,* 264 Mich. 609.

However, the charter provision was adopted in the interest of public service. The benefit to individuals is incidental thereto, not the primary purpose of the provision. It is not to the public good that officers or employees shall accept illegal discharge, or rest quiescent under it, and later mulct the public purse for money not earned. Unreasonable delay in asserting claim to the office results in abandonment of it and waiver of the right of trial. Public business requires that the assertion of claim

to office be by formal demand and appropriate legal proceedings. It is not sufficient to merely make the claim and leave it open to inaction or controversy.

"When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.

"Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years. Such a long delay must necessarily result in changes in the branch of the service to which he was attached and in such an accumulation of unearned salary that, when unexplained, the manifest inequity which would result from reinstating him renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy." *Arant* v. *Lane,* 249 U. S. 367, 372 (39 Sup. Ct. 293, 294).

See, also, *Phillips* v. *City of Boston,* 150 Mass. 491 (23 N. E. 202); *Cote* v. *City of Biddeford,* 96 Me. 491 (52 Atl. 1019, 90 Am. St. Rep. 417).

Plaintiff's declaration that he would never appear before the trial board and his subsequent failure to formally assert his right to the office or employment, within a reasonable time, was a waiver of the right of trial and an acquiescence in his dismissal. When to that is added the fact that he took no judicial proceedings for reinstatement for a period of nearly three years it must be held that he had

abandoned his office and is not now entitled to reinstatement nor salary. The judgment is more favorable to plaintiff then is his due.

· The circuit court having allowed no costs to either party, judgment is affirmed, with costs of both courts to defendants.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.