SUMERACKI *v.* COUNTY OF WAYNE.

KAMINSKI *v.* SAME.

BRADLEY *v.* SAME.

KRONK *v.* SAME.

GALLAGHER *v.* SAME.

1. COUNTIES—CIVIL SERVICE—SUSPENSION—INDICTMENT FOR FELONY
—LOST PAY PRIOR TO RE-EMPLOYMENT.

County employees who were also members of the legislature and
indicted for felony of accepting bribes to influence legisla-
tion were not entitled to pay lost prior to re-employment by
county, where they failed to protest or appeal their suspensions
by appropriate action before county civil service commission,
where it clearly appears that each plaintiff had actual notice
of the reason for his suspension but had made no timely appeal
therefrom in accordance with commission rules and statute
(CL 1948, § 46.72; Wayne County Civil Service Commission
Law, Rules and Regulations [1955], No 16, §§ 1, 2, 5, 7, 8).

2. SAME—CIVIL SERVICE—NOTICE OF SUSPENSION—INDICTMENT FOR
FELONY.

Service of notice of order of suspension of county civil service
employee upon such employee in accordance with county civil
service commission statute, rules and regulations *held,* unnec-
essary, where the employee, also a member of the legislature,
was indicted and convicted of accepting a bribe for influencing
legislation, since the employee had actual notice of the reason
for suspension (CL 1948, § 46.72; Wayne County Civil Service
Commission Law, Rules and Regulations [1955], No 16, §§ 1,
2, 5, 7, 8).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 10 Am Jur, Civil Service § 17.1.
Acquiescence or delay as affecting rights of public employee
illegally discharged, suspended, or transferred. 145 ALR 767.
[2] 10 Am Jur, Civil Service § 11.
[3, 4] 43 Am Jur, Public Officers § 200.

3. SAME—CIVIL SERVICE—INDICTMENT FOR FELONY—NOLLE PROSEQUI.
   The suspension of county employees who were under the county
   civil service and also State legislators upon their indictment
   for accepting bribes to influence legislation was not rendered
   illegal by virtue of subsequent events resulting in a *nolle
   prosequi* of the charges against them in another county, since
   a *nolle prosequi* is not tantamount to acquittal.

4. SAME—CIVIL SERVICE—ACCUSATION OF FELONY.
   Public policy may exclude not only a convicted felon from county
   civil service employment, but also one accused of a felony.

Appeal from Wayne; Maher (Thomas F.), J.
Submitted April 9, 1958. (Docket Nos. 17–21, Calendar Nos. 47,377–47,381.) Decided October 13, 1958.

Claim by Adam Sumeracki against the County of
Wayne, the board of county auditors and the employing county department for back wages as result of
a claimed illegal suspension under rules of the county
civil service commission. Similar claims by Mabel
J. Kaminski, administratrix of the estate of Joseph
L. Kaminski, deceased, William M. Bradley, Martin
A. Kronk and Earl C. Gallagher. Cases heard together. Judgments for defendants. Plaintiffs appeal. Affirmed.

*Harold M. Shapero* (*Albert A. Berger,* of counsel),
for plaintiffs.

*Samuel H. Olsen,* Prosecuting Attorney, *Hobart
Taylor, Jr.,* and *Aloysius J. Suchy,* Assistant Prosecuting Attorneys, for defendants.

VOELKER, J. Plaintiffs-appellants, while in the employ of the county of Wayne, were also members of
the State legislature. On January 12 and 22, 1944,
they were indicted by a one-man grand jury sitting in
Ingham county for accepting bribes to influence legislation, following which they did not appear for work

and because of which they were suspended or removed as county employees. The record shows that all of the appellants (except Sumeracki, who was on a military leave of absence, and Kaminski, with respect to whom the record is not clear) were served with written notice of their order of suspension and the reasons therefor. The civil service commission received a copy of all notices served.

Appellants were subsequently tried in Ingham county and convicted, which convictions were sustained by this Court, except in the Kronk conviction, wherein a new trial was ordered. Subsequently the trial court granted new trials upon the allegation of newly-discovered evidence, following which orders of *nolle prosequi* were entered on September 14, 1951. All plaintiffs (except one who died in the interim) were ultimately re-employed by the county.

At the time of their re-employment plaintiffs made no claim of back salary. Subsequently they filed separate claims with the Wayne county board of auditors for salaries allegedly due them from the date of their dismissals in 1944 until their re-employment 6 to 8 years later. From a denial of their claims they appealed to the Wayne circuit court in accordance with the provisions of the statute (CL 1948, § 46.72 [Stat Ann § 5.522]).

The circuit court denied the several appeals, as noted, and the present appeals have resulted. Appellants allege error in several respects, but we think that the essential question in this case may be boiled down as follows: may a civil service employee recover damages for the loss of his employment over a 6- to 8-year period, when such employment was terminated by reason of his indictment on a felony charge, regardless of whether proper notice of the reasons for such suspension and the order for suspension were served upon the employee in view of his

actual knowledge of such reasons and regardless of the ultimate fate of the criminal action against him?

Appellants allege that the rules and regulations of the Michigan and Wayne county civil service commissions were not followed with respect to suspension or discharge of employees and notice to the commission and the employee of the reasons therefor.

The portions of those rules that are relevant in this case provide that employees may be suspended for good cause, either for a definite period of time or indefinitely, and that a written order of such suspension shall be filed with the commission and another served on the employee at his last known address; that cause for removal or suspension of an employee shall arise when he is charged with the commission of a felony or a misdemeanor involving moral turpitude; and that if the employee is suspended or discharged for such cause he shall have the right of appeal to the commission for hearing. Adjournment or postponement of the appeal is provided for at the request of the employee if he is then before the criminal courts facing trial on the charge in question. In such latter event, the postponement shall be upon the condition that he waive his right to any compensation during the period of the adjournment.*

It is clear that the prescribed procedures regarding notice were not followed with technical exactness in the case of all appellants, although in the cases of some, as noted, the record supports the conclusion that service of notice on the commission and employee of the order of suspension was made in proper manner. It is equally apparent, however,

---

* Wayne County Civil Service Commission, Civil Service Law; Rules and Regulations (1955), Rule No 16, §§ 1, 2, 5, 7, and 8, pp 114 et seq. See, in respect to postponement and compensation, Rule No 16, § 8, subd (a), p 119.—Reporter.

that grounds for the suspensions clearly appeared from the fact of the criminal proceedings, which charged not only a felony but one involving undeniably grave moral turpitude.

It is significant that no appeals were taken by any of the appellants to the civil service commission from the suspensions, even in the cases of those who had formal written notice thereof. On these grounds alone the instant case can be distinguished from our previous decision in *Grix* v. *Liquor Control Commission,* 304 Mich 269, where we awarded back pay, less amounts earned in the interim, to an illegally discharged employee. In that case the employee wrote to the civil service commission on the very day of his discharge, protesting the illegal discharge and demanding a hearing. See, also, *Sullivan* v. *State Board of Tax Administration,* 290 Mich 664; *Philbrick* v. *Dust,* 178 Mich 605; and *McComb* v. *Lansing City Council,* 264 Mich 609. Conversely we have held that acquiescence in an illegal discharge for an unreasonable length of time bars any right to compensation. See *Jones* v. *Doonan,* 265 Mich 384, 388, 389; *Wayne County Prosecuting Attorney, ex rel. Taxpayers,* v. *City of Highland Park,* 308 Mich 425. That Michigan is not alone in this position see *Phillips* v. *City of Boston,* 150 Mass 491 (23 NE 202); *Peruzzin* v. *Test,* 282 App Div 550 (125 NYS2d 353); 145 ALR 767, at 813; and 43 Am Jur, Public Officers, § 381, p 163.

In this case we think appellants have each failed seasonably and diligently to lay the foundation for success in the instant appeal by their initial failure to protest or appeal their suspensions by appropriate action before the civil service commission.

We have already noted that the rules of the civil service commission provide for adjournment of the hearing of an appeal to the commission in cases involving suspension proceedings until the termina-

tion of the court proceedings, upon the proviso that the employee shall waive his right to compensation during the period of adjournment. If, therefore, appellants had prosecuted an appeal from the suspension orders by timely proceedings, the suit before us probably would have been entirely avoided; they would almost certainly have waived the compensation which is the subject matter of this suit. In effect they are now claiming that by their failure to make timely attack upon the suspension order, with the probable adjournment of such proceedings until disposition of the criminal case, they have thereby bettered their position because they thereby avoided such waiver. With this we cannot agree.

Two of the appellants stress the fact that no formal written copy of the order of suspension was served upon them and, as noted, one claims that he received no notice of any kind. While we do not imply that the notice requirements may ever be lightly ignored, there can be no question but that actual notice was had by all of the appellants. The charges against them were a matter of State-wide notoriety; the cases attracted immense newspaper publicity: and none of the appellants could possibly have assumed that their employment by the county could continue in the face of such a sensational indictment. In this case, therefore, we hold that the service of such notice of the order of suspension upon each individual appellant was unnecessary and would have been carrying coals to Newcastle. Appellants' argument possesses an especially hollow ring when it is observed that none made any attempt to appear for work following the indictments.

These suits are also grounded, in part, upon the theory that suspension having been ordered because the appellants had been charged with the commission of a felony, the suspension is illegal when subsequent events resulted in a *nolle prosequi* of the charges

against them.  This theory we reject.  The criminal proceedings in Ingham county were not in any manner initiated or controlled by the county of Wayne and ·that county could have had no inkling of or control over the final outcome.  The reason why the cases were ultimately thrown out was because a major witness against appellants was held to be unreliable in the considered opinion of the judge who signed the orders of *nolle prosequi*.  This cannot affect the validity or propriety of the initial suspension from employment.  To hold otherwise would be to require, not merely an indictment or information on a felony charge as provided in the civil service commission rules, but an undisturbed final conviction on such charges.  .However harsh the present rule may be, all were cognizant of it when they started work.  In any case such rules reflect an awareness that public policy may exclude not only a convicted felon from civil service employment, but also one accused of a felony.  That the mere filing of an ultimate *nolle prosequi* need not automatically result in a certificate of innocence or grounds for reinstatement let us suppose that such a *nolle* was necessarily filed because a key witness had died.  *Nolle prosequi* is not tantamount to an acquittal.  We do not imply that the reinstatement in employment in the instant cases was improper; we merely say that a *nolle prosequi* is not necessarily a moral whitewash.  The judgment of the circuit court must be affirmed, with costs to appellees.

Dethmers, C. J., and Kelly, Smith, Black, Edwards, ·and Kavanagh, JJ., concurred.

Carr, J., did not sit.