ROBINSON *v.* DEPARTMENT OF STATE

1. ADMINISTRATIVE LAW AND PROCEDURE—CIVIL SERVICE COMMIS-
SION—CLASSIFIED SERVICE—POWER.

The Civil Service Commission is vested with plenary
power in its sphere of authority and regulates all conditions
of employment in the classified civil service (Const 1963, art
11, § 5).

2. ADMINISTRATIVE LAW AND PROCEDURE—CIVIL SERVICE COMMIS-
SION—SUSPENSION—LEGALITY.

A classified civil service employee's suspension while he is under
criminal indictment is not rendered illegal because the criminal
charges are later dismissed since that dismissal does not con-
stitute either an acquittal or a moral whitewash of that
employee's conduct.

3. ADMINISTRATIVE LAW AND PROCEDURE—CIVIL SERVICE COMMISSION
—SUSPENSION—ADMINISTRATIVE FINDING.

A classified civil service employee is not entitled to back pay
while under suspension because of a criminal indictment
against him regarding illegalities in the manner in
which he discharged his employment duties even though those
criminal charges are later dismissed, where that dismissal con-
stitutes neither an acquittal nor a moral whitewash of his
conduct and an administrative hearing officer later specifically
finds that the suspended employee was guilty of actual per-
sonal and culpable lack of due care in his employment duties,
justifying a disciplinary suspension without pay.

REFERENCES FOR POINTS IN HEADNOTES

[1] 15 Am Jur 2d, Civil Service §§ 6, 8–11, 16–19.
[2] 15 Am Jur 2d, Civil Service §§ 33, 34, 41.
[3, 6] 15 Am Jur 2d, Civil Service §§ 29, 51.
[4] 15 Am Jur 2d, Civil Service §§ 45, 51.
[5] 15 Am Jur 2d, Civil Service § 51.

4. ADMINISTRATIVE LAW AND PROCEDURE—CIVIL SERVICE COMMISSION —CONSTITUTIONAL POWER—SUSPENSION—BACK PAY.

The Civil Service Commission acted within its constitutionally-granted power in modifying a hearing officer's order to deny back pay to plaintiff during his period of suspension while under criminal indictment for illegal irregularities relating to his position as a driving improvement examiner for the Michigan department of state.

5. ADMINISTRATIVE LAW AND PROCEDURE—CIVIL SERVICE COMMISSION —SUSPENSION—LACHES.

Governmental officers or employees cannot accept illegal suspension or dismissal from their employment, remain quiescent under it, and later attempt to mulct the public purse for money not earned as it is not in the public interest to reward their laches in not asserting their right to appeal their suspension or dismissal.

6. ADMINISTRATIVE LAW AND PROCEDURE—CIVIL SERVICE COMMISSION —SUSPENSION—LACHES.

The Civil Service Commission properly denied back pay to plaintiff employee during the periods when he was suspended because of a criminal indictment against him and when his attorney requested an adjournment during a hearing on plaintiff's eventual dismissal, where plaintiff, although he was under suspension for nearly three years, did not appeal during that time, and the dismissal hearing record showed that co-counsel for plaintiff had actively participated in representing plaintiff before the hearing officer and plaintiff did not allege that co-counsel was incapable of effectively representing him, or was unavailable to do so, while plaintiff's attorney was incapacitated.

Appeal from Wayne, George E. Bowles, J. Submitted Division 1 October 16, 1969, at Detroit. (Docket No. 6,776.) Decided November 25, 1969.

Complaint by Andrew W. Robinson against the Michigan Department of State and the Michigan Civil Service Commission for payment of back salary while plaintiff was under suspension from his job because of an indictment in recorder's court. Plaintiff appealed to circuit court which affirmed

decision of civil service commission. Plaintiff appeals. Affirmed.

*Charles Rubinoff* and *Carroll D. Little,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Russell A. Searl, Charles D. Hackney* and *Wallace K. Sagendorph,* Assistant Attorneys General, for defendant.

Before: LESINSKI, C. J., and J. H. GILLIS and DANHOF, JJ.

DANHOF, J.   Plaintiff was suspended indefinitely from his position as a driving improvement examiner for the Michigan department of state on March 31, 1965, pending the outcome of an investigation into alleged fraudulent obtaining of a driver's license or temporary permit.   On April 14, 1965, plaintiff was indicted in recorder's court on related criminal charges, but the case was eventually dismissed on November 2, 1967.   Subsequently, on November 16, 1967, plaintiff's suspension was changed to a dismissal.   During this time the suspension had not been appealed.   A hearing was held on the dismissal and in January, 1968, the hearing officer determined that plaintiff had not been proven guilty of the charges against him and ordered cancellation of the suspension, pending the criminal investigation, and the dismissal and substituted a disciplinary suspension without pay from March 31, 1965 to October 1, 1965.   The opinion read in part:

"However, the Hearing Officer is of the opinion that Mr. Robinson is personally responsible for placing himself in a questionable position by his unauthorized personal association and involvement

outside his official duties with persons making driver license applications to the Detroit Police. This conduct on the part of Andrew Robinson cannot go unnoticed and must never be repeated. The employee is not guilty of malfeasance. He is guilty of a breach of the standards of conduct, judgment and conflict of interest that apply to any person in an official capacity as a state officer.

"The Hearing Officer does not believe under all the circumstances that the employee has so compromised his usefulness to the State of Michigan by personal and culpable lack of due care that he ought not to be returned at all to a position in the merit system regulated by the Civil Service Commission in the public interest. However, his actual personal and culpable lack of due care in his conduct justified a disciplinary suspension without pay."

The hearing officer ordered the plaintiff's reinstatement with back salary from October 1, 1965, less any earnings during the period.

The department of state appealed to the civil service commission and on July 1, 1968 the commission modified the hearing officer's decision by awarding back pay only from November 3, 1967 to the date plaintiff actually returned to duty, and excepting the period April 16, 1968 to June 27, 1968 during which a hearing was scheduled but postponed because of the illness of plaintiff's counsel. The commission specifically disallowed back pay from March 31, 1965 to November 3, 1967, when plaintiff was under suspension because of the indictment in recorder's court. Plaintiff appealed the civil service decision to the Wayne county circuit court which affirmed the decision of the civil service commission. Plaintiff is now appealing to this Court seeking to have the hearing officer's decision reinstated.

The civil service commission is vested with *plenary* power in its sphere of authority. It regulates all

conditions of employment in the classified service. Const 1963, art 11, § 5; *Plec* v. *Liquor Control Commission* (1948), 322 Mich 691. *Groehn* v. *Corporation & Securities Commission* (1957), 350 Mich 250.

In *Sumeracki* v. *County of Wayne* (1958), 354 Mich 377, it was held that the suspension of county civil service employees while under indictment on felony charges was not rendered illegal because of a subsequent *nolle prosequi* of the charges. The court said that this was not an acquittal or moral whitewash. The plaintiffs' claims for back salary during the suspension were denied.

Similarly in this case the dismissal of criminal charges against plaintiff did not result in an acquittal or moral whitewash. Rather, the hearing officer later specifically found plaintiff guilty of actual personal and culpable lack of due care in his conduct justifying a disciplinary suspension without pay.

Therefore, this Court holds that the civil service commission acted within its constitutionally-granted power in modifying the hearing officer's order so as to deny back pay to plaintiff during his period of suspension when he was under indictment in the recorder's court.

Additionally, in *Jones* v. *Doonan* (1933), 265 Mich 384, the Supreme Court held that a former city policeman who sought reinstatement and back pay had unreasonably delayed in asserting his claim, resulting in his abandonment of it, where he declared his intention of never appearing before the trial board and he took no judicial proceedings for reinstatement for a period of nearly three years.

In the present case plaintiff was under suspension for nearly three years, during which time he did not appeal. It is not in the public interest that officers or employees shall accept illegal suspension or dismissal, remain quiescent under it, and later attempt

to mulct the public purse for money not earned. See *Jones, supra.*

The record shows that co-counsel for the plaintiff had actively participated in representing plaintiff before the hearing officer. There was no allegation that he was incapable of effectively representing plaintiff or unavailable to do so while attorney Charles Rubinoff was incapacitated. Under these circumstances, this Court holds that the civil service commission was acting within its authority when it denied plaintiff back pay during an adjournment requested by his counsel.

Finally, review of the whole record shows that the decision of the civil service commission was authorized by law and was supported by competent, material and substantial evidence as required by Const 1963, art 6, § 28 and the administrative procedure act, CLS 1961, § 24.108 (Stat Ann 1969 Rev § 3.560 [21.8]).*

Affirmed, costs to defendants.

All concurred.

---

* Repealed by PA 1969, No 306, effective July 1, 1970, MCLA § 24.201 *et seq.* (Stat Ann Curr Mat § 3.560[101] *et seq.*).