NORDMAN *v.* CALHOUN.

1. UNEMPLOYMENT COMPENSATION—PURPOSE OF STATUTE.

The unemployment compensation act was designed to benefit a class and society as a whole by cushioning the effect of unemployment (CL 1948, § 421.1 *et seq.*).

2. SAME—TEST OF "EMPLOYEE."

The provisions of the unemployment compensation act supply the test of whether an individual is an employee for purposes of proceedings under that act and neither the common-law rules as to the relation of master and servant, nor the "independent contractor" rules as applied to the workmen's compensation act nor the licensing of carriers of passengers or goods for hire will be considered in making a determination as to the application of the act (CL 1948, § 421.1 *et seq.*).

3. STATUTES—CONSTRUCTION—PLAINLY EXPRESSED TERMS.

The legislature must be held to intend the meaning which it has plainly expressed and there is no room for construction, or attempted interpretation to vary such meaning.

4. SAME—CONSTRUCTION—OBSCURE EXPRESSIONS.

Courts may give a sensible and reasonable interpretation to obscure legislative expressions but have no right to distort those which are clear and intelligible.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds §§ 9, 10.

[2, 6, 7] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds §§ 15, 17.

[2, 6, 7] Test of independent contractor relationship in the field of workmen's compensation and social security, including unemployment compensation acts. 134 ALR 1029; 147 ALR 828.

Who is an independent contractor rather than an employee within social security acts or unemployment compensation acts. 124 ALR 682.

[3, 4] 50 Am Jur, Statutes § 225.

[5] 50 Am Jur, Statutes § 238.

[7] Outside pieceworkers as within unemployment compensation act. 1 ALR2d 555.

[8] 14 Am Jur, Costs § 91.

5. SAME—CONSTRUCTION—SUBJECT MATTER.

> The fair and natural import of terms used in a statute, in view of the subject matter of the law, is what should govern in determining legislative intent.

6. UNEMPLOYMENT COMPENSATION—DEFINITION OF EMPLOYMENT—CONSTRUCTION OF STATUTE.

> Provision of unemployment compensation act that " 'employment' means service * * * performed for remuneration or under any contract of hire, written or oral, express or implied" is clear and unambiguous (CL 1948, § 421.42).

7. SAME—PART-TIME JANITOR.

> Part-time janitor who performed cleaning work for employer at any time he saw fit prior to opening time of the place of business, was paid $10 weekly, was not subject to detailed supervision, and who also worked part time for others and did odd jobs, was not an independent contractor, but an employee so far as the unemployment compensation act was concerned, for purposes of determining number of employees of such employer (CL 1948, §§ 421.41, 421.42).

8. COSTS—PUBLIC QUESTION—UNEMPLOYMENT COMPENSATION ACT.

> No costs are allowed in proceeding involving an application of the unemployment compensation act, a public question being involved (CL 1948, §§ 421.41, 421.42).

Appeal from Jackson; Simpson (John), J. Submitted January 16, 1952. (Docket Nos. 68, 69, Calendar Nos. 45,292, 45,293.) Decided March 6, 1952.

Separate writs of certiorari by Charles E. Nordman, doing business as Top Notch Soda Bar, to review orders of appeal board of Michigan Unemployment Compensation Commission as to claims of Ardath Calhoun and Dorothy H. Mulnix for unemployment compensation. Orders of appeal board reversed. Michigan Unemployment Compensation Commission appeals. Reversed and remanded.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Arthur W. Brown,* Assistant Attorney General, for appellant.

SHARPE, J.   The issue in these 2 cases arises out of the claims of Ardath Calhoun and Dorothy H. Mulnix to unemployment compensation.  The referee held in each case that one of the employment units for which each worked during her base period, namely, the Top Notch Soda Bar, did not constitute a liable employer under the terms of the Michigan unemployment compensation act* during that period. Upon appeal, the appeal board reversed the referee and held that the Top Notch Soda Bar employed 8 or more individuals in 20 or more calendar weeks, during the calendar year 1949 and was an employer under the terms of section 42(1) of the act.  CL 1948, § 421.42 (Stat Ann 1947 Cum Supp § 17.545).

Decision in this case depends upon the employee status of one Date Scofield.  The record shows that he was employed as a janitor cleaning floors and windows for $10 per week.  He is a retired post-office employee and prior to 1949 was employed by the previous owners of Top Notch Soda Bar to do the janitor work.  When the present owner of the soda bar took possession he continued with the services of Date Scofield with the same duties and the same weekly salary.  Date Scofield had to plan his work so as to get it done before 10 a.m., when the soda bar opened for business.  He worked about an hour and a half each morning, 6 days a week.  He also worked at a hardware store 2 or 3 times a year taking down screens and putting up storm windows and did other similar jobs for other people.  He did not advertise or have a price list.  For work outside the soda bar he charged by the hour.  He could quit his job at the soda bar at any time.  He was laid off in October, 1949.

The cause was appealed to the circuit court of Jackson county.  A hearing was held and the trial

---

* CL 1948, § 421.1 *et seq.* (Stat Ann 1947 Cum Supp § 17.501 *et seq.*).—REPORTER.

court held that the soda bar was not subject to the act. The trial court filed an opinion, a part of which reads as follows:

"The facts are that Mr. Scofield was a retired employee from the local post office, and to help his income he did odd jobs about the city of Jackson. He painted houses, did lawn work, helped clean houses for people and for Mr. Nordman and the man that preceded Mr. Nordman. He had an agreement with them that for $10 a week he would scrub their floors and wash their windows. He would do this work before the Soda Bar opened. Sometimes he would go to work as early as 5 or 6 o'clock in the morning and get it out of the way before the store opened. His hours were his own dictation. While he was doing this job he would also be doing other jobs at other places for other people. He did not give his entire time to Mr. Nordman. This work did not require more than an hour or two a morning. The referee before whom this matter was heard found that he was an independent contractor. The appeal board reversed the referee.

"The matter largely revolves itself around CL 1948, § 421.41 (Stat Ann 1949 Cum Supp § 17.543), as to whether the employing unit had 8 or more employees working 20 different weeks during the year; and CL 1948, § 421.42 (Stat Ann 1947 Cum Supp § 17.545), as to whether or not this employee was giving his entire services to Mr. Nordman, which the testimony clearly shows he was not. He was not working all day, but as heretofore stated, agreed to do this job of washing the floors and the windows for $10 a week, which only required an hour or two of his time each day before the Soda Bar opened.

"After careful consideration of the testimony, the court is of the opinion that Mr. Scofield was an independent contractor and was not subject to the unemployment act. Therefore, the court holds that Mr. Nordman was not subject to the unemployment

compensation act as he was not employing 8 or more people in each of 20 different weeks within the calendar year of 1949.

"An order may enter accordingly."

An order was entered consolidating both cases on appeal to the Supreme Court. The following stipulation is a part of the record:

"It is hereby stipulated and agreed by and between the appellee and the appellant herein by their respective counsel, that the appellee Charles E. Nordman, d/b/a Top Notch Soda Bar, did not employ 8 or more individuals in each of 20 different weeks within the calendar year of 1949, and was not an 'employer' within the meaning of section 41(1) of the Michigan employment security act (formerly the Michigan unemployment compensation act), *unless* the service performed as a janitor for said appellee by one Date Scofield, during said calendar year, constituted 'employment' within the meaning of section 42(1) of said act, but that if such service did constitute 'employment' within the meaning of said section 42(1) of the act, then and in that case, the aforesaid Charles E. Nordman, d/b/a Top Notch Soda Bar, did employ 8 or more individuals in each of 20 different weeks within the calendar year of 1949, and therefore was an 'employer' within the meaning of section 41(1) of said act."

The Michigan employment security commission appeals and urges that the soda bar is subject to the act because Date Scofield was an employee of the soda bar for the required number of weeks during the year 1949.

Section 42(1) of the act provides that, "Subject to the other provisions of this section 'employment' means service, including service in interstate commerce, performed for remuneration or under any contract of hire, written or oral, express or implied." The act also provides that certain classes of employ-

ment shall not be included within the term employment as defined in the act. None of the exceptions bears any relationship to the issue involved in this case. In the case at bar we are dealing with the administration of a public act designed to benefit a class and society as a whole by cushioning the effect of unemployment.

In *Acme Messenger Service Co.* v. *Unemployment Compensation Commission,* 306 Mich 704, we held that the statutory provisions in the act supply the test of whether an individual is an employee. We there said:

"Neither the common-law rules as to the relation of master and servant, nor the 'independent contractor' rules as applied to the workmen's compensation law or the licensing of carriers of passengers or goods for hire, will be considered to provide the controlling test as to whether one is 'in the employment of' another, under the unemployment compensation act. The statutory provisions in the act must be held to supply the test."

See, also, *O'Brian* v. *Michigan Unemployment Compensation Commission,* 309 Mich 18; *Graystone Ballroom, Inc.,* v. *Baggott,* 319 Mich 87.

"It is a cardinal rule that the legislature must be held to intend the meaning which it has plainly expressed, and in such cases there is no room for construction, or attempted interpretation to vary such meaning." *MacQueen* v. *City Commission of City of Port Huron,* 194 Mich 328, 342.

"There are certain well-settled rules for the construction of statutes, which no court can safely disregard. Where the statute is plain and unambiguous in its terms, the courts have nothing to do but to obey it. They may give a sensible and reasonable interpretation to legislative expressions which are obscure, but they have no right to distort those which are clear and intelligible. The fair and natural im-

port of the terms employed, in view of the subject matter of the law, is what should govern." *People, ex rel. Twitchell,* v. *Blodgett,* 13 Mich 127, 167.

In our opinion the statutory definition of "employment" as provided in section 42(1) of the act is clear and unambiguous. It means service performed for remuneration or under an oral or written contract for hire. The only issue in the case at bar is to determine whether Date Scofield was an employee or an independent contractor. In the case at bar Date Scofield was hired for an indefinite period and could have severed his employment at any time. Moreover, his employer could have discharged him at any time, with or without cause. The fact that the employer did not find it necessary to exercise any detailed supervision over the performance of the employee's duties is not determinative of the employer-employee relationship, nor does the fact that Date Scofield was a part-time employee bring him within the exception found in the act. In view of the fact that the services performed by Date Scofield are undisputed, we hold as a matter of law that he was an employee. The trial court was in error in holding that he was an independent contractor.

The judgment of the circuit court is reversed and the cause remanded for entry of an order in harmony with this opinion. No costs, a public question being involved.

North, C. J., and Dethmers, Butzel, Carr, Bushnell, Boyles, and Reid, JJ., concurred.