STEELE BROTHERS v. VILLAGE OF BALDWIN.

1. APPEAL AND ERROR—FINDINGS OF TRIAL COURT.
   Findings of fact by the trial court are not to be set aside unless clearly erroneous. (GCR 1963, 517.1).

2. SAME—CONTRACTS—EXTRAS—FINDINGS OF TRIAL COURT.
   Finding by trial court that a contractor failed to prove by a preponderance of the evidence that it furnished labor and materials in addition to that required by its contract *held*, supported by record, in case where contract provided that extras should be ordered in writing by defendant and the only extra authorized in writing had been paid for.

3. SAME—MOTION FOR NEW TRIAL—COURT RULES.
   Dictation by the trial judge of a short opinion from the bench stating his reason for denying a motion for new trial complied with the requirement of court rule that a judge sign and file, or dictate to the court stenographer, a statement of his reasons for ruling on a motion for new trial (GCR 1963, 527.7).

Appeal from Lake, Van Domelen (Harold), J., presiding. Submitted Division 3 January 8, 1968, at Grand Rapids. (Docket No. 2,999.) Decided July 23, 1968.

Complaint by Steele Brothers, a Michigan partnership, against the Village of Baldwin, a municipal corporation, to recover money due for extra material, time, and labor expended in performance of a

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 839.
[2] 17 Am Jur 2d, Contracts § 353.
[3] 39 Am Jur, New Trial § 203.

contract.  Judgment for defendant.  Plaintiffs appeal.  Affirmed.

*James N. McNally,* for plaintiffs.

*Ronald C. Wilson,* for defendant.

BURNS, J.  Plaintiffs commenced an action to recover monies allegedly due for extra material, time, and labor required to improve the defendant's water main system.  The circuit judge who decided this matter concluded:

"After careful consideration of the pleadings, the exhibits and the testimony, it is the opinion of this court that plaintiffs have failed to prove by a preponderance of the evidence that they provided services or materials other than required by the terms of the contract.  The services performed and the materials furnished by plaintiffs were set out in the plans and specifications which plaintiffs agreed to furnish for a lump sum in accepting the contract. The contract provided that any extras shall be ordered in writing by the defendant.  *  *  *  The defendant has paid for the only extra authorized in writing.  The plaintiffs have clearly failed to produce any satisfactory proofs that any extras were performed for which they are entitled to additional compensation.

"Therefore, the plaintiffs' bill of complaint is dismissed and a judgment of no cause for action is hereby entered."

Plaintiffs appeal.  The argument portion of plaintiffs' brief bears no numerical or orderly relationship to their statement of questions involved.  To commingle issues almost to the point of nonrecognition is ill-advised but, unfortunately, is an understandable procedure when considered in conjunction with the substance of the subject matter at hand.

All of the errors alleged in this case (with 2 pro-
cedural-like exceptions—one of which is not properly
before this Court and the second of which is dis-
cussed *infra*) challenge the factual determinations
of the trial court.

While we sympathize with defendant's position
that most of plaintiffs' assignments of error were
not properly preserved, because of the factual na-
ture of those assignments they of necessity were
considered by the trial court and hence are prop-
erly before this Court. However, we find no reason
to disagree with the circuit court's findings.

GCR 1963, 517.1 provides:

"Findings of fact shall not be set aside unless
clearly erroneous. In the application of this prin-
ciple regard shall be given to the special opportunity
of the trial court to judge the credibility of those
witnesses who appeared before it."

The judge who rendered the opinion in this case
was not the same judge* who sat during the trial.
Consequently, in arriving at our decision we have
ignored that "regard" referred to in the above court
rule, and yet we still conclude that there was no
reversible error. The plaintiffs did not sustain
their burden of proof by a preponderance of the
evidence.

The only other issue which merits comment is
the circuit court's alleged refusal to file a written
opinion stating the reasons for denying plaintiffs'
motion for new trial. GCR 1963, 527.7 requires a
judge to sign and file, or dictate to the stenographer,
a concise statement of his reasons for ruling on a
motion for a new trial. The circuit judge in this
case complied with the court rule by dictating a
short opinion from the bench. The reasons stated

---

* The Honorable Rupert Stephens, Lake county circuit judge, died
unexpectedly without rendering an opinion.

in that opinion were sufficient to dispose of the argument asserted.

Affirmed.  Costs to appellee.

J. W. Fitzgerald, P. J., and N. E. Fitzgerald, J., concurred.