## ELLIOT *v.* BUCHANAN

1. INTOXICATING LIQUORS—DRAMSHOP ACT—EVIDENCE.

   Testimony that a patron of a bar had been drinking, became drunk and boisterous, was served another drink after he was drunk, and shot plaintiff with a pistol was sufficient evidence to support a finding that the dramshop act had been violated (MCLA § 436.22).

2. INTOXICATING LIQUORS—STATUTES—DRAMSHOP ACT—CONSTRUCTION.

   The true legislative intent of the dramshop act can only be obtained through a liberal construction and not through a strained and narrow construction (MCLA § 436.22).

3. INTOXICATING LIQUORS—DRAMSHOP ACT—BURDEN OF PROOF.

   A plaintiff seeking recovery under the dramshop act for pistol shot injuries inflicted by a patron of a bar has the burden of establishing that the bar patron committing the assault was intoxicated at that time, that he was in fact intoxicated when liquor was sold to him by defendant and that there was a causal connection between the sale and the injuries inflicted (MCLA § 436.22).

4. WITNESSES—DEMEANOR—CREDIBILITY—FINDINGS—REVIEW.

   Regard is given to the special opportunity of a trial court sitting without a jury to observe the demeanor and judge the credibility of those witnesses which appeared before it when the findings of that court are reviewed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 45 Am Jur 2d, Intoxicating Liquor §§ 557, 561 *et seq.*
Liability of innkeeper, restaurateur, or tavern-keeper for injury occurring on or about premises to guest or patron by person other than proprietor or his servant. 70 ALR2d 628.
[3] 45 Am Jur 2d, Intoxicating Liquors § 582 *et seq.*
[4] 58 Am Jur Witnesses §§ 865, 870.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 December 5, 1969, at Lansing. (Docket No. 6,823.) Decided December 8, 1969.

Complaint by Condy Elliot and Frances Elliot against James Leonard Buchanan and James W. Osborne for assault and battery, negligence, and liability under the dramshop act. Judgment for plaintiffs. Defendant James W. Osborne appeals. Affirmed.

*Paul G. Valentino,* for plaintiffs.

*Bell, Hertler & Frink,* for defendant James W. Osborne.

Before: FITZGERALD, P. J., and BRONSON ' and T. M. BURNS, JJ.

PER CURIAM. This is an appeal from an action by Condy Elliot and Frances Elliot against James W. Osborne, doing business as Jack's Bar and Grill, and James Leonard Buchanan, for violation of MCLA § 436.22 (Stat Ann 1969 Cum Supp § 18.993), commonly known as the "dramshop act". Also before the trial court was a second count dealing with common-law negligence. Defendant's motion for summary judgment as to this count was granted by the trial court. Defendant Buchanan neither appeared nor defended in this action. Plaintiff Condy Elliot was awarded damages of $14,539, and damages in the amount of $500 were awarded Frances Elliot. Claim of appeal followed.

On July 15, 1967, defendant Buchanan had been tippling intoxicants in Jack's Bar and Grill. The testimony adduced from witnesses indicated that he had become inebriated and quite boisterous. There-

after, and without provocation, defendant produced a .32-caliber pistol and shot Condy Elliot, thereby inflicting serious injuries.

The main issue with which we are faced is whether there was sufficient evidence to support a finding by the trial court that a violation of the dramshop act had taken place. Defendant contends that the trial court did not properly interpret the statute cited *supra,* did not reach a finding as to whether an "illegal sale" had taken place, and hence the court's finding was erroneous.

The applicable statute reads, in part:

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, shall have a right of action in his or her name against the person who shall by selling or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury, * * *" MCLA § 436.22 (Stat Ann 1969 Cum Supp § 18.993).

The true legislative intent of the statute can only be obtained through a liberal construction and not through such a strained and narrow construction as defendant would have us apply. See *LaBlue* v. *Specker* (1960), 358 Mich 558. An examination of relevant case law demonstrates that plaintiff has the burden of establishing that Buchanan was intoxicated at the time of the assault on plaintiff, that he was in fact intoxicated when the liquor was sold to him by defendant and that there was a causal connection between such sale and the injuries inflicted. See *Davis* v. *Terrien* (1961), 364 Mich 82; *Duncan* v. *Beres* (1968), 15 Mich App 318. The

aforementioned cases clearly indicate that the defendant must be shown to have furnished a drink to the subject after he had become intoxicated.

A thorough search of the record demonstrates that the trial court was fully cognizant of this rule when it stated:

"The court is of the opinion that it is not, that the court does not have to close its eyes to that which is obvious to all mankind. That is, when a man is at a bar and he is intoxicated and there is testimony in evidence, which there was in this case, that he did acquire another drink—and there is testimony that he had previously been sold or furnished drinks by the management, the waitresses therein—that it is not necessary to prove a particular drink and a particular sale."

Therefore, we conclude that the findings of the trial court were not erroneous, as the relevant statutory requisites were adhered to in the instant case. In application of this principle, regard is given to the special opportunity of the trial court to observe the demeanor and judge the credibility of those witnesses which appeared before it. *Steele Brothers* v. *Village of Baldwin* (1968), 12 Mich App 352.

Affirmed. Costs to appellees.