PARKDALE HOMES, INC., *v.*
TOWNSHIP OF CLINTON

1. EVIDENCE—WITNESSES—REDIRECT    EXAMINATION—OBJECTIONS—
   DISCRETION.
   Limiting the redirect examination of an expert witness to mat-
   ters developed on direct examination is within the discretion
   of the trial judge; it was not an abuse of discretion to
   prohibit plaintiff's counsel from asking questions on redirect
   examination of his expert witness concerning a subject that
   could have been, but was not brought up on direct examina-
   tion, where defense counsel had not asked questions on cross-
   examination concerning the subject.

2. WITNESSES—LIMITATION OF TESTIMONY—EVIDENCE—DISCRETION—
   PRETRIAL PROCEEDINGS.
   Limiting testimony of plaintiff's second expert witness to cor-
   roborating that of plaintiff's first expert witness was not an
   abuse of discretion, where before trial, plaintiff's counsel did
   not name the second expert witness on the list of proposed
   witnesses prepared and sent to defense counsel at his request,
   and defense counsel objected at trial on the basis of surprise,
   lack of opportunity to take the witness' deposition, and lack
   of opportunity to prepare for cross-examination.

3. ZONING—CONSTITUTIONAL LAW—REZONING—VALUE OF PROPERTY.
   The fact that land would be worth more money if rezoned
   does not make current zoning unconstitutional.

4. ZONING—ORDINANCES—VALIDITY—TESTIMONY—RELEVANCY.
   The amount of tap fees that might be paid to a township if
   plaintiff were allowed to conduct his proposed construction
   of multiple-family residences is not related to the validity

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 849.
[2] 58 Am Jur, Witnesses § 533 *et seq.*
[3–5] 58 Am Jur, Zoning § 14 *et seq.*

of a zoning ordinance, which plaintiff is trying to overturn as invalid; therefore sustaining defendant's objection to testimony presented by plaintiff as to tap fees which would result from plaintiff's proposed construction was proper.

5. ZONING—ORDINANCES—REASONABLENESS—MOTION TO DISMISS—BURDEN OF PROOF.

The party attacking a zoning ordinance has the burden of proving affirmatively the unreasonableness of the ordinance; therefore, the trial court properly granted defendant's motion to dismiss plaintiff's attack on a zoning ordinance where the court, after taking all proofs in the light most favorable to the plaintiff, found that the plaintiff had failed to carry its burden of proving the unreasonableness of the ordinance.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 April 8, 1970, at Lansing. (Docket No. 4,698.)  Decided May 25, 1970.

Complaint by Parkdale Homes, Inc., against Township of Clinton to have a zoning ordinance declared unconstitutional.  Defendant's motion to dismiss granted.  Plaintiff appeals.  Affirmed.

*Sanborn & Liedel,* for plaintiff.

*Towner, Rosin & York,* for defendant.

Before: McGREGOR, P. J., and DANHOF and LARNARD,* JJ.

DANHOF, J.  Plaintiff is the owner of approximately 69 acres of land located north of Cass Avenue and east of Romeo Plank Road in Clinton Township, Macomb County.  The land is presently zoned R-1-A, with a portion of the land being located in a Valley Zone (V) and another portion being subject to a Detroit Edison tower easement.

_____

* Circuit Judge, sitting on the Court of Appeals by assignment.

When plaintiff purchased the property in 1956 at $730 per acre, it had no fixed plan for the development of the land, which was zoned for single family residences. The present ordinance continuing that classification and creating the Valley Zone became effective in 1958.

On August 6, 1965 the plaintiff filed a petition with the defendant's planning commission for rezoning the property to R–3, a classification which permits the construction of multiple-family residences. The planning commission denied the rezoning petition for the following reasons:

"1) the prevailing development of the area is on large lots;

"2) the land could be used for 'planned unit development';

"3) spot zoning;

"4) developer has owned the land for ten years with no previous attempt to develop;

"5) that the developer's reasons are believed to be speculative;

"6) there is no water or sewer available to the land;

"7) the township presently has many acres zoned for multiple dwelling use which are not under development and it is a matter of record that the petitioner owns such other property."

Plaintiff's rezoning petition was also denied by the Macomb County coordinating zoning committee which concurred with the decision of the defendant's planning commission. Plaintiff brought suit asking that the ordinance as amended be held invalid and unconstitutional as applied to its land. At the conclusion of plaintiff's case, defense counsel moved for dismissal and the trial court granted the motion.

On appeal plaintiff challenges the trial court's refusal to allow redirect examination testimony of

plaintiff's expert witness, John Ruggero, as to the value of plaintiff's land if zoned multiple-family residential. The witness had testified on direct examination that the value of the land as currently zoned was between $1500 and $2000 an acre, but that the highest and best use would be as multiple-family residential. He was not asked the value of of the land if zoned for multiple-family residential, When plaintiff's counsel attempted to question Mr. Ruggero on redirect examination about the value of the land if zoned for multiple-family residential, defense counsel objected on the basis that the subject had not been opened up by cross-examination. The trial court sustained the objection. The extent of redirect examination is within the sound discretion of the trial court. *Loud* v. *Solomon* (1915), 188 Mich 7, 12. It is within the discretion of the trial judge to limit the redirect examination of an expert witness to matters developed on direct examination. *Paul* v. *Clements* (1913), 176 Mich 251. We hold that the trial court did not abuse its discretion.

Plaintiff also claims error occurred when the trial court refused to allow plaintiff's expert witness Larry Dloski to testify as to the value of the land if zoned multiple-family residential and limited his testimony to corroborating that of expert witness John Ruggero. Prior to the trial defense counsel by letter requested a list of plaintiff's proposed witnesses. Plaintiff's counsel by letter complied with this request. Larry Dloski's name was not on the list. At trial, following Mr. Ruggero's testimony, plaintiff's counsel called Larry Dloski to testify as an expert witness. Defense counsel objected on the basis of surprise, lack of opportunity to take the witness' deposition, and lack of opportunity to prepare for cross-examination. The trial court did allow Mr. Dloski to corroborate Mr. Ruggero's

testimony but did not allow him to testify regarding the land's value if zoned multiple-family residential. This was not an abuse of discretion, but rather an exercise of discretion. But even if the testimony as to the value of the land if zoned multiple-family residential had been admitted, it would not have changed the result since plaintiff's own witnesses testified that the property when purchased was worth $730 an acre and was currently worth $1500 to $2000 per acre. The fact that land would be worth more money if rezoned does not make the current zoning unconstitutional.

Plaintiff alleges it was error for the trial court to refuse to allow testimony as to the amount of tap fees resulting from plaintiff's proposed construction. This argument is without merit. Defendant objected to the testimony as being irrelevant. The trial court properly sustained the objection. The amount of fees which might be paid to the defendant was not related to the validity of the ordinance.

Plaintiff also contends that the trial court erred in granting defendant's motion to dismiss. Taking all proofs in the light most favorable to the plaintiff, the trial court found that the plaintiff had failed to carry its burden of proving the unreasonableness of the ordinance. *Padover* v. *Township of Farmington* (1965), 374 Mich 622, 632, 640.

As was said in *Dusdal* v. *City of Warren* (1970), 23 Mich App 583:

"The party attacking a zoning ordinance has the burden of proving affirmatively the unreasonableness of the ordinance. *Padover* v. *Township of Farmington* (1965), 374 Mich 622, 632, 640. A master plan adopted in compliance with statutory requirements by a responsible political body is of itself evidence of reasonableness. *Biske* v. *City of Troy* (1969),

381 Mich 611.  Appellate courts do not sit as super-zoning commissions.  *Brae Burn, Inc.,* v. *City of Bloomfield Hills* (1957), 350 Mich 425.

"Disparity in values is present in every zoning case.  An ordinance is not invalidated because the value of certain property is depreciated, provided the financial loss is not so great as to amount to confiscation.  *Lamb* v. *City of Monroe* (1959), 358 Mich 136.

"When reviewing the decision of a trial court sitting without a jury, this Court does not reverse unless the trial court's findings of fact were clearly erroneous, GCR 1963, 517.1, *People* v. *Hummel* (1969), 19 Mich App 266."

The trial court used the correct legal standards, and the application of them to the facts of this case are supported by the record.

We find no merit in plaintiff's contention that the trial court did not comply with GCR 1963, 517.1.

Affirmed, costs to the defendant.

All concurred.