JOHNSON v LYON TOWNSHIP

1. ZONING—ORDINANCES—VALIDITY—PREFERRED USES—BURDEN OF GOING FORWARD.

The burden of going forward with evidence on the issue of the validity of a zoning ordinance shifts to the governmental unit when it has been established that the proposed use of the property is a preferred use and, but for restrictive zoning, is appropriate for a given site.

2. ZONING—ORDINANCES—VALIDITY—PREFERRED USES—TEST.

In order for a restriction against a preferred use in a zoning ordinance to be upheld, it should be demonstrated that the needs of the public health, safety, convenience, morals, or general welfare of the local community outweigh those of the greater community.

3. ZONING—ORDINANCES—VALIDITY—REASONABLENESS—BURDEN OF PROOF.

Once a governmental unit has come forward with such clear, positive, and credible evidence as to satisfy its burden the ultimate decision of reasonableness of a given zoning exclusion is determined with due regard to the evidence of both parties with the burden of ultimate persuasion on the issue placed on the party seeking to rezone.

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 May 11, 1972, at Lansing. (Docket No. 12412.) Decided March 26, 1973.

Complaint by Victor Johnson and others against Lyon Township to have a township zoning ordinance declared unconstitutional. Judgment for defendant. Plaintiffs appeal. Reversed and remanded.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Zoning § 16.

*Dale D. Libby,* for plaintiffs on appeal.

*Hartman, Beier, Howlett, McConnell & Googasian,* for defendant.

Before: LESINSKI, C. J., and J. H. GILLIS and T. M. BURNS, JJ.

J. H. GILLIS, J. The plaintiff couples are equal owners of 122 acres of land in the defendant township. The land is zoned "AG-agricultural" which permits use for general agricultural purposes and, on sites of one acre or more, single-family residences.

Plaintiffs found it uneconomical to use the property for agricultural purposes. They agreed to sell the property to plaintiff Arney on the condition that the tract be rezoned "R-3" so that a mobile home park could be erected on the land.

Plaintiffs petitioned to rezone to the desired classification. The petition was denied. Plaintiffs brought suit alleging the present zoning ordinance did not bear a real and substantial relationship to the general welfare of the community. The trial court held the ordinance valid.

On appeal, plaintiffs contend the trial court erred. It is of no small significance to the determination of this appeal that the trial court's opinion in this case predates our decision in *Bristow v Woodhaven,* 35 Mich App 205 (1971).[1] We note the following language from the trial court's opinion.

"One who seeks to have an ordinance declared invalid has the burden of affirmatively proving by competent evidence that the ordinance is an arbitrary and unreasonable restriction upon the use of his property."

[1] The trial judge's written opinion is dated June 18, 1971; *Bristow v Woodhaven,* 35 Mich App 205 (1971), was decided July 26, 1971.

As a general rule, that proposition is true. *Hammond v Bloomfield Hills Building Inspector,* 331 Mich 551 (1951); *Bassey v Huntington Woods,* 344 Mich 701 (1956); *Patchak v Lansing Twp,* 361 Mich 489 (1960).

However, *Bristow v Woodhaven, supra,* has since modified the respective burdens of parties engaged in a lawsuit such as this by the introduction of the "preferred-use doctrine".

In limited situations, the *burden of going forward* with evidence on the issue of the validity of a given zoning ordinance shifts to the governmental unit. As stated in *Bristow, supra,* 210, 211:

> "[W]here it is shown that local zoning exists at odds with the general public welfare rather than in furtherance of it, there can be no presumed validity attaching to that portion of an ordinance which conflicts with public interest. Certain uses of land have come to be recognized as bearing a real, substantial, and beneficial relationship to the public health, safety, and welfare so as to be afforded a preferred or favored status. To restrict such uses appears to conflict with the concept of presumed validity of an ordinance prohibiting such an otherwise legitimate use.

> \*   \*   \*

> "[T]he proponent of a preferred or protected but prohibited use may establish a *prima facie* case thereby casting upon the municipality the burden of going forward to justify its prohibition of a use heretofore recognized as beneficial to the public welfare."

We consider a party entitled to the benefit of the preferred-use doctrine when it is established that the proposed use of the property has acquired a "favored" status and, but for restrictive zoning, is appropriate for a given site. *Bristow, supra,* 212.

Practically speaking, the shifting of the burden of going forward is not only a rule of procedural

convenience but is grounded in considerations of fairness to the parties as well. The governmental unit legislating zoning restrictions *should* have superior access to facts and justifications for the zoning exclusion. If it fails to produce such justification, it should be held that none, in fact, exists, thereby allowing the party seeking to rezone to prevail.

We do not mean to limit the governmental unit in the manner or type of proof necessary to satisfy its burden. We think, however, that a prima facie case of unreasonableness should be rebutted by "clear, positive, and credible * * * evidence"[2] that would challenge either the existence of a "favored" status of the proposed use, the suitability of the site for such a use, the degree of exclusion, or the legal conclusion of invalidity.

In *Cohen v Canton Twp,* 38 Mich App 680 (1972),[3] several factors were listed upon which the governmental unit may choose to rely for such justification. The use of surrounding areas, traffic patterns, and available water supply and sewage disposal systems certainly are relevant considerations in the reasonableness of a particular exclusion.

The fact that other sites are better suited, in light of those considerations, for the proposed use and are predesignated for the proposed use, pursuant to a master plan adopted in compliance with statutory requirements, may also be evidence of reasonableness. *Biske v City of Troy,* 381 Mich 611 (1969); *Parkdale Homes, Inc v Clinton Twp,* 23 Mich App 682 (1970).

---

[2] *See In re Wood Estate,* 374 Mich 278, 292 (1965).

[3] *Cohen* seeks to distinguish *Bristow v Woodhaven, supra,* by reading the preferred-use doctrine applicable only in cases of total exclusion. A careful reading of *Bristow* indicates that interpretation is not warranted.

However, in that regard, a word of caution is appropriate. A master plan has weight when shown to be carefully prepared, well-reasoned, properly adopted, flexible, and noticeably implemented. The mere fact that other areas have been predesignated or are put to the favored use without relation to a master plan has little significance. *Green v Lima Twp,* 40 Mich App 655, 662 (1972).

Whatever facts the governmental unit chooses to present in support of its burden, in order for a restriction against a preferred use to be upheld, it should be demonstrated that the needs of the public health, safety, convenience, morals, or general welfare of the *local* community outweigh those of the greater community. The exclusion sought to be sustained should be shown to *promote* and *further* those considerations.

Once the trier of fact determines that the governmental unit has come forward with such clear, positive and credible evidence to satisfy its burden, the ultimate decision of reasonableness of a given zoning exclusion is determined with due regard to the evidence of both parties with the burden of ultimate persuasion *on that issue* placed on the party seeking to rezone.

Returning to the case at bar, the trial court's findings of fact, although excellently set forth, are not set out in relation to the respective burdens of the parties. It is now clear that the use plaintiffs sought is "preferred". See *Bristow v Woodhaven, supra.* The trial court found defendant township had no master plan, but indicated existing mobile home parks plus another area that had been so designated but not developed would meet the demands for two years. The trial court also found no area demand for agricultural land use, but instead

found a need for low cost residential space. Whether plaintiffs established the necessary elements of the preferred-use doctrine to shift the burden of going forward was not determined, and we cannot say defendant assumed such a burden.

Therefore, we reverse and remand for action not inconsistent with this opinion. Costs to plaintiffs.

All concurred.